DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada  89501
Telephone:  (775) 784-5438
Facsimile:  (775) 784-5181
Greg.Addington@usdoj.gov
Counsel for Defendants United States,
  Harry Reid, and Kristen Orthman

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLIVEN BUNDY,<br><br>      Plaintiff,<br><br>  v.<br><br>GLORIA NAVARRO, in her individual capacity,<br>HARRY REID, in his individual capacity,<br>RORY REID, in his individual capacity,<br>BARACK OBAMA, in his individual capacity,<br>KRISTEN ORTHMAN, in her individual capacity, and<br>UNITED STATES OF AMERICA,<br><br>      Defendants. | 2:16-cv-1047-JCM-GWF<br><br>FEDERAL DEFENDANTS' OPPOSITION TO "RENEWED (SECOND) MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*" (#29) |

  Defendants United States, Harry Reid, and Kristen Orthman, through their undersigned counsel and on behalf of all of the federal defendants, oppose the so-called "renewed" motion (#29) by Bundy to extend the time for Bundy to respond to the two motions (## 17, 18) to dismiss the claims alleged against them and against Judge Navarro and President Obama. Bundy's "renewed" motion follows this Court's order (#28) denying Bundy's prior motion (#25) which sought the same extension of time. Just

1

as with the prior motion, Bundy's current "renewed" motion fails to comply with this Court's Local Rules and, moreover, is wholly unsupported in accordance with the legal standard. Accordingly, Bundy's "renewed" motion should likewise be denied.

Plaintiff Bundy has filed a transparently frivolous action seeking damages and other relief against President Obama, Judge Navarro, Senator Reid, and Senate Staffer Kristen Orthman. As to some of the claims, the United States has been substituted as defendant (#16). Dismissal of all claims against these "federal defendants" are sought through the two motions (## 17, 18) filed on July 15, 2016.

Bundy did not respond to either of the two motions to dismiss. *See* Notice of Failure to File Response (## 23, 24). Bundy also did not request an extension of time to file a response prior to the deadline for filing such a response. In short, Bundy did nothing in response to the two motions to dismiss. After the time had passed for filing a response to the motions and after the time had passed for Bundy to make a timely request to extend the deadline, Bundy filed his *first* motion (#25) to extend the response deadline. That motion was denied (#28) because Bundy failed to comply with multiple provisions of this Court's Local Rules. Specifically, Bundy failed to demonstrate (and made no effort to demonstrate) that excusable neglect caused the failure to file the motion before the deadline expired (as required by Local Rule IA 6-1(a)). Also, Bundy failed to identify his earlier motion as the first requested extension (as required by Local Rule IA 6-1(a)) and failed to state the filing dates of the subject motions (as required by Local Rule IA 6-1(c)). *See* Order (#28), p.2.

Bundy's current "renewed" motion does not cure the deficiencies that resulted in the denial of his first motion. Moreover, Bundy fails to provide any meaningful or adequate support for the twice-belated request to extend the response deadline. Just as with his earlier motion that was denied, the *only* support provided by Bundy for the requested extension is the statement "The days to respond

1 were inadvertently not marked up by counsel, as counsel was out of the office at the time." *See* Motion

2 (#29), p.2. The identical statement was made in Bundy's earlier motion. *See* Motion (#25), p.1.

3     Local Rule IA 6-1(a) provides: "A request [for extension of time] made after the expiration of

4 the specified period *will not be granted* unless the movant or attorney demonstrates that the failure to

5 file the motion before the deadline expired was the result of excusable neglect." (italics added). Just as

6 with his earlier motion that was denied, Bundy makes no effort to comply with the required showing

7 of "excusable neglect" for his failure to file a timely motion for extension of time and, on that basis

8 alone, the current "renewed" motion should be denied. The entire focus (sic) of Bundy's "renewed"

9 motion to extend time is his failure to file a timely response to the pending motions to dismiss.

10 However, Bundy (again) provides no explanation and no demonstration of excusable neglect for his

11 failure to file a timely request for an extension of time. Based on the plain reading of the operative

12 Local Rule and consistent with this Court's denial of Bundy's first motion to extend time, Bundy's

13 "renewed" motion should be denied for failure to comply with Local Rule IA 6-1(a).

14     Moreover, Bundy (again) fails to support his requested extension of time with any legitimate

15 factual grounds for the request. Just as with his first request for an extension of time that was denied,

16 the only "factual" support for the "renewed" request is the ambiguous statement that the response time

17 was "not marked up by counsel, as counsel was out of the office at the time." Bundy does not explain

18 when his counsel was "out of the office" and how his being "out of the office" at some unspecified

19 time and for some unspecified length of time somehow resulted in the failure to file a timely response

20 to the two motions. Surely, court-imposed deadlines are not missed every time counsel steps out of his

21 office for any period of time (and, if they are, such a protocol does not provide a basis for an automatic

22 extension of the failed deadlines). Bundy provides no factual basis for assessing whether his failure to

23 comply with the response deadline was excusable under the very standard that he urges the court to

24 utilize. "[I]gnorance of the rules [ ] or mistakes construing the rules do not usually constitute

'excusable' neglect." <u>Pincay v. Andrews</u>, 389 F.3d 853, 857 (9th Cir. 2004)(en banc)(*quoting* <u>Pioneer Investment Services v. Brunswick Associates</u>, 507 U.S. 380, 392 (1993)); *see also* <u>Speiser, Krause & Madole v. Ortiz</u>, 271 F.3d 884, 886 (9th Cir. 2001)(same); <u>Warrick v. Birdsell</u>, 278 B.R. 182 (9th Cir. BAP 2002)(neglect was inexcusable because plaintiff failed to follow unambiguous rules). With no factual presentation other than the bland statement that counsel "was out of the office at the time," there is no possibility that Bundy can link the requested relief to any cognizable legal analysis.

Bundy asserts that "prejudice, if any, is non-existent" from the "renewed" requested extension of time. Aside from the obvious *non-sequitur,* Bundy's assertion is palpably false. The federal defendants are plainly immune from the claims advanced by Bundy in this action and that immunity from litigation and all of its attendant burdens requires prompt dismissal of the frivolous claims alleged against them. Any delay in the dismissal of these claims operates to prejudice the federal defendants who are immune from such claims.

Bundy's motion fails to comply with this court's Local Rules, is untimely with no explanation for its untimeliness, and is unsupported by any adequate grounds for the relief requested. Accordingly, the motion should be denied.[1]

Dated:  August 23, 2016.                    Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


 /s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

---

[1] Apparently assuming that the Court will grant his "renewed" request and overlook his chronic lapses and serial non-compliance with the Local Rules, Bundy has now filed his (very late) responses (## 30, 21) to the motions to dismiss filed by the federal defendants. Those responses should be disregarded and the subject motions should be adjudicated as "unopposed" in accordance with Local Rule 7-2(d) (failure to file a timely response to a motion "constitutes a consent to the granting of the motion.").

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing FEDERAL DEFENDANTS' OPPOSITION TO "RENEWED (SECOND) MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*" (#29) was made through the Court's electronic filing and notice system (CM/ECF) to all counsel of record, including those below named, on this 23rd day of August, 2016:

    Joel Hansen, Esq.
    COOPER LEVENSON, P.A.
    1835 Village Center Circle
    Las Vegas, NV  89134

    Scott Bogatz, Esq.
    Charles M. Vlasic III, Esq.
    REID RUBINSTEIN & BOGATZ
    300 South 4th Street, Suite 830
    Las Vegas, NV  89101

                                                     /s/ Greg Addington
                                                     GREG ADDINGTON